UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT MAY,<br><br>         Plaintiff,<br>    v.<br><br>ROBERT MCDONALD, et al.,<br><br>         Defendants. | Case No. 5:14-cv-04579-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 19)** |

Defendants Robert McDonald, Secretary of the Department of Veterans Affairs, ("VA") and Robert Burnes move to dismiss claims four, five, six and seven of Plaintiff Vincent May's second amended complaint.[1] Because the court finds that—as to these causes of action—May's SAC fails to state a claim as a matter of law, the motion is GRANTED with leave to amend.

**I.**

May is an African-American male over the age of 40. Between 2010 and 2013, he applied for police officer positions with the VA office in Palo Alto, California, at least six times.[2] The VA denied May's application each time despite his prior experience with the U.S. Marine Corps, the Richmond Police Department and the East Palo Alto Police Department.[3] During this time period, May also applied for and was hired for a Public Safety Dispatcher position.[4] While working as a dispatcher, May asked several police lieutenants, including Burnes, why his police officer

---
[1] For the purposes of this motion, counsel for the VA specially appears on behalf of Burnes. *See* Docket No. 19 at 1 n.1.

1

Case No. 5:14-cv-04579-PSG
ORDER GRANTING MOTION TO DISMISS

applications had been denied. Each lieutenant responded that "there was a need to hire women in the department" and that "[May] was too old to work as a police officer."[5]

During one of May's shifts on dispatch duty, Burnes told May that he (Burnes) was about to stop an African-American man engaged in "suspicious activity."[6] Due to Burnes's reputation for racial profiling and a "propensity towards violence," May informed Lieutenant Cartius Stevens that additional officers should be sent to Burnes's location "to ensure the safety of" the suspect, Vincent Warren.[7] Stevens ignored May's suggestion, and Burnes subsequently beat Warren severely.[8]

After this incident, May explained to Burnes that he did not have probable cause to stop Warren.[9] In response, Burnes became "angry and aggressive" and "threatened to discipline [May] if he ever questioned him again."[10] Upon learning that May had a video of the Warren beating, Burnes harassed May to give him a copy and threated reprisal if May refused.[11] After May declined to hand over the video, Burnes began denying May's requests for overtime, training and more favorable shifts.[12] Burnes also used his influence to ensure that the police selection committee denied May's pending police officer application.[13] May reported Burnes's behavior to

---

[2] *See* Docket No. 17 at ¶¶ 13, 16 and 18.

[3] *See id.* at ¶¶ 13, 14.

[4] *See id.* at ¶ 15.

[5] *Id.* at ¶ 17.

[6] *Id.* at ¶ 20.

[7] *Id.* at ¶¶ 21, 22.

[8] *See id.* at ¶¶ 22, 23.

[9] *See id.* at ¶ 26.

[10] *Id.*

[11] *See id.* at ¶ 28.

[12] *See id.* at ¶ 29.

[13] *See id.* at ¶ 30.

Stevens, but Stevens did not pursue an investigation.[14]  "Burnes [also] tried to use his authority to inquire about [May's] request for vacation."[15]  Burnes entered May's office, "ordered [him] to get up and move away from his computer" and "berated" May—telling him that he was too incompetent to fill out a vacation request form.[16]  During the exchange, Burnes "cornered" May by positioning himself between May and the only door out of the office.[17]  Throughout the exchange, Burnes kept one hand on his gun or baton while pointing his free hand at May.[18]  Worried that Burnes would strike him, May "remain[ed] seated while Burnes disrespected him and acted in an intimidating manner."[19]  Eventually, Burnes left May's office without further incident.  Burnes was "not disciplined or counseled" for his actions.[20]  Three months later, the VA terminated May's employment "under the pretext of [his] exhibiting disruptive behavior."[21]

May then filed suit against the VA and Burnes, asserting seven causes of action:[22] (1) racial discrimination under Title VII of the Civil Rights Act[23] against the VA, (2) age discrimination under the Age Discrimination in Employment Act[24] against the VA, (3) retaliation under Title VII against the VA, (4) hostile work environment under Title VII against both the VA and Burnes, (5) hostile work environment under the California Fair Employment and Housing Act[25] against Burnes, (6) intentional infliction of emotional distress against Burnes and

---

[14] *See id.* at ¶ 31.

[15] *Id.* at ¶ 33.

[16] *Id.* at ¶ 34.

[17] *Id.* at ¶ 35.

[18] *See id.* at ¶¶ 36, 37.

[19] *Id.* at ¶ 38.

[20] *Id.* at ¶ 40.

[21] I*d.* at ¶ 41.

[22] *See Id.* at ¶¶ 42-90.

[23] *See* 42 U.S.C. § 2000e-2.

[24] *See* 29 U.S.C. § 621.

[25] *See* Cal. Gov't Code § 12940(j)(1).

3
Case No. 5:14-cv-04579-PSG
ORDER GRANTING MOTION TO DISMISS

1  (7) violation of the Bane Act[26] against Burnes.  Defendants now move to partially dismiss May's

2  fourth cause of action as to Burnes and entirely dismiss May's fifth, sixth and seventh causes of

3  action.[27]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[28]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[29]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[31]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[32]  However, the court need not accept as true

---

[26] Cal. Civ. Code § 52.1.

[27] To be clear, Defendants move to dismiss all claims as to Burnes, and Burnes alone.  Claims one through four against the VA are not challenged at this time.  *See* Docket No. 19 at 1 nn.1-2.

[28] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[29] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[31] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[32] *See id.*

1  allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[33]

2  Applying these standards to May's fourth, fifth, sixth and seventh causes of action, the court holds

3  that May fails to state claims that are plausible on their face.

### III.

May's fourth cause of action alleging creation of a hostile work environment under Title VII against Burnes fails as a matter of law. In the Ninth Circuit, the proper defendant in such a suit is "the head of the department, agency, or unit, as appropriate," not the individual federal employee.[34] Because Burnes is merely an individual employee, he cannot be held liable for an alleged violation of Title VII.[35]

May's fifth cause of action—creation of a hostile work environment under FEHA—also fails as a matter of law. Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination" based on race, and the ADEA is the "the exclusive enforcement mechanism" for the redress of federal employment discrimination based on age.[36] These statutes are "exclusive of any other remedy against not only the federal government, but also against the individual federal employee alleged to have participated in the discrimination."[37] As such, the race- and age-based discrimination claims May asserts as part of his hostile work environment claim against Burnes are preempted by Title VII or the ADEA. Because May alleges that he "experienced constant harassment based upon his race and age while carrying out his job duties as a dispatcher for the VA,"[38] his claim is precluded.

---

[33] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[34] 42 U.S.C. § 2000e-16(c); s*ee also Sommatino*, 255 F.3d at 707 n.1.

[35] May recognized this limitation in his opposition brief and agreed to amend his complaint by removing Burnes as a defendant to the fourth cause of action. *See* Docket No. 22 at 5:2-6.

[36] *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009).

[37] *Chan v. Salas*, Case No. 10-cv-04348, 2011 U.S. Dist. LEXIS 67355, at *11 (N.D. Cal. June 23, 2011) (citing *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981)).

[38] Docket No. 17 at ¶ 76.

5
Case No. 5:14-cv-04579-PSG
ORDER GRANTING MOTION TO DISMISS

1	May's sixth cause of action also is preempted by Title VII.  A plaintiff may only bring a
2	claim against an individual federal employee that would normally be precluded by Title VII under
3	very narrow circumstances.  For example, claims based on the Federal Tort Claims Act[39] or state
4	tort law may supplement Title VII claims when the allegations go "beyond the meaning of
5	workplace discrimination . . . and involve physical or emotional injuries that are highly personal."[40]
6	The Ninth Circuit has explored the boundaries of what kinds of injuries constitute a highly personal
7	violation; while allegations of rape, sexual assault and stalking seem to meet the threshold,[41] other
8	acts of physical violence have been summarily rejected.  In *Sommatino v. United States*, the
9	plaintiff alleged that her co-worker "brushed his body against [her] arms, legs, and hips . . . [and
10	that he] often used loud, offensive, and vulgar language in the office."[42]  The plaintiff further
11	alleged that she "felt intimidated and fearful of physical violence" by said co-worker.[43]  The court
12	ultimately concluded that Title VII barred the plaintiff's FTCA claims against the government
13	because she did not support her complaint with "allegations of specific harm directed" at her.[44]
14	Instead, the allegations were "typical of the offensive workplace behavior giving rise to an action
15	to remedy a hostile work environment."[45]

16	Here, May's state law tort claim against Burnes as an individual does not fall within the
17	"highly personal" exception to Title VII preemption.  May's allegations do not rise to "the order of

---

[39] 28 U.S.C. § 1346(b).

[40] *Sommatino*, 255 F.3d at 711.

[41] *See, e.g.*, *Brock v. United States*, 64 F.3d 1421, 1422-24 (9th Cir. 1995) (finding a highly personal violation based on plaintiff's allegation that her supervisor raped her); *Arnold v. United States*, 816 F.2d 1306, 1308-12 (9th Cir. 1987) (finding a highly personal violation based on plaintiff's allegation that her supervisor "blocked the door preventing her from leaving" her office and then held her "close to his body, kissing and fondling her"); *Otto v. Heckler*, 781 F.2d 754, 758 (9th Cir 1986) (finding a highly personal violation based on plaintiff's allegation that her supervisor stalked and defamed her and that "the resulting mental distress caused her to suffer a miscarriage").

[42] *Sommatino*, 255 F.3d at 705.

[43] *Id.* at 706.

[44] *Id.* at 712.

[45] *Id.*

magnitude of . . . personal violation" that the Ninth Circuit has previously considered "highly personal."[46] Rather, the timbre of May's allegations more closely mirror those in *Sommatino*—a pattern of verbal abuse, harassment, intimidation and wrongful denial of career advancement opportunities,[47] specifying an instance in which Burnes "cornered" and "berated" May, causing May to "[sit] paralyzed, in fear, looking at Burnes, terrified that Burnes was going to shoot him."[48] While May certainly may have felt uncomfortable, he does not allege any conduct that would bring Burnes's conduct within the scope of a "highly personal" violation under Ninth Circuit precedent.

May's seventh cause of action does not allege facts sufficient to state a claim. May alleges that Burnes violated the Bane Act by "interfer[ing] with . . . by 'threats, intimidation or coercion,' Plaintiff's exercise or enjoyment [of] state and federal constitutional rights."[49] Specifically, May refers to "Burnes's threatening deadly conduct, including use of intimidation and blocking Plaintiff's movements while holding his weapon."[50] This claim is not facially plausible.[51] The SAC does not state with particularity which constitutional rights Burnes allegedly violated.[52] Instead, May only provides "a formulaic recitation of [the] cause of action's elements"—he specifically points to "Burnes's threatening deadly conduct" and "use of intimidation" to prove that Burnes violated a statute prohibiting "interfere[nce] by threat[] [or] intimidation . . . with the

---

[46] *Sommatino*, 255 F.3d at 712. *See also Brock*, 64 F.3d at 1422-24; *Arnold*, 816 F.2d at 1308-12; *Otto*, 781 F.2d at 758.

[47] *See generally* Docket No. 17.

[48] *Id.* at ¶¶ 32-39.

[49] Docket No. 17 at ¶ 87; *see also* Cal. Civ. Code § 52.1(a) (prohibiting "interfere[nce] by threat, intimidation, or coercion…with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution").

[50] Docket No. 17 at ¶ 88.

[51] *See Twombly*, 550 U.S. at 570 (2007).

[52] May's opposition requests leave to amend the SAC to include claims against Burnes for violation of May's First, Fifth and Fourteenth Amendment rights. *See* Docket No. 22 at 3:8-11.

7
Case No. 5:14-cv-04579-PSG
ORDER GRANTING MOTION TO DISMISS

1  exercise or enjoyment [of constitutional rights] by any individual."[53]  But this, without more, is
2  insufficient to state a claim.[54]

### IV.

Defendants' motion to dismiss is GRANTED.  Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[55]  Because May has not previously amended his complaint under the direction of this court and the court cannot yet say that amendment would be futile, leave to amend also is GRANTED.  Any amended pleadings shall be filed no later than August 15, 2015.

**SO ORDERED.**

Dated: July 22, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[53] *See Twombly*, 550 U.S. at 555; Docket No. 17 at ¶ 88; Cal. Civ. Code § 52.1(a).

[54] *See Iqbal*, 556 U.S. at 678 (2009).  Moreover, even if the SAC did allege particular, non-conclusory constitutional violations, those claims would be preempted by Title VII and the ADEA.  The Supreme Court first recognized that "the Constitution itself supports a private cause of action for damages against a federal official" in *Bivens v. Six Unknown Fed. Narcotics Agents*.  *Bush v. Lucas*, 462 U.S. 367, 374 (1983) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971)).  In deciding whether to create a *Bivens* remedy, the court should consider (1) whether there is any alternative remedy available and, if there is no alternative, (2) whether there are "any special factors counselling hesitation" of creating a *Bivens* remedy.  *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).  In this case, the court need not look past the first consideration; May already has an alternate remedy, as discussed above.  *See* 42 U.S.C. § 1981a; 29 U.S.C. § 626(b).

[55] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).