UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MAY,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT MCDONALD, et al.,<br><br>   Defendants. | Case No. 14-cv-04579-PSG<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**(Re: Docket No. 39)** |

  Plaintiff Vincent May, an African-American male over the age of 40, alleges various acts of discrimination, retaliation and harassment on account of his race and age while he was working as a dispatcher at the Palo Alto branch of the Department of Veterans Affairs.[1] He brings four of his five causes of action against the VA under Title VII of the Civil Rights Act[2] and the Age Discrimination in Employment Act.[3] Defendants Robert McDonald, Secretary of the Department of Veterans Affairs, and Robert Burnes move to dismiss only his fifth claim—for intentional infliction of emotional distress against Burnes in his individual capacity.[4] For the reasons set forth

---

[1] *See* Docket No. 42-1 at ¶¶ 8, 13-45.

[2] *See* 42 U.S.C. § 2000e-2.

[3] *See* Docket No. 42-1 at ¶¶ 46-74; 29 U.S.C. § 621.

[4] *See* Docket No. 39; Docket No. 42-1 at ¶¶ 75-78. May's Third Amended Complaint included seven causes of action. *See* Docket No. 38. Defendants moved to dismiss four of them. *See* Docket No. 39 at 2. When filing his opposition, May attached a Fourth Amended Complaint that alleged no new facts but corrected a clerical error by removing two of the four challenged claims and dropping Burnes as a defendant from another. *See* Docket No. 42-1; Docket No. 42 at 2. In the absence of any objection by Defendants, the court adopts the latter version as the operative complaint.

1
Case No. 14-cv-04579-PSG
ORDER GRANTING PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT

below, Defendants' motion is GRANTED, without leave to amend.

**I.**

The court previously detailed May's allegations in its order granting Defendants' last motion to dismiss.[5] The bulk of them are not relevant to the instant motion, and the court need not repeat them. Since that time, however, May has amended the tort claim at issue here, and it bears some elaboration.

The antagonism between May and Burnes started in early 2013 after an incident in which Burnes, a sergeant at the Palo Alto VA, severely beat an African-American man that Burnes felt had engaged in "suspicious activity."[6] Afterwards, May, who had been the dispatcher on duty, told Burnes that he had no probable cause to justify the stop.[7] In response, Burnes became "angry and aggressive" and "threatened to discipline [May] if he ever questioned him again."[8] After May refused to hand over a video of the beating, Burnes began denying May's requests for overtime, training and more favorable shifts.[9] Burnes also used his influence to ensure that the police selection committee denied May's pending police officer application.[10]

The altercation underlying May's tort claim occurred around May 2013.[11] "Burnes tried to use his authority to inquire about [May's] request for vacation."[12] Burnes entered May's office, "ordered [him] to get up and move away from his computer" and "berated" May—telling him that

---

[5] *See* Docket No. 37 at 1-3.

[6] Docket No. 42-1 at ¶ 20-23.

[7] *See id.* at ¶¶ 20, 26.

[8] *Id.* at ¶ 26.

[9] *See id.* at ¶¶ 27-29.

[10] *See id.* at ¶ 30.

[11] *See id.* at ¶ 32.

[12] *Id.* at ¶ 33.

he was too incompetent to fill out a vacation request form.[13] During the exchange, Burnes "cornered" May by positioning himself between May and the only door out of the office.[14]

While Burnes was standing over May, Burnes put his right hand on his gun and pointed his free hand at May.[15] As a former police officer, May knew that "police officers only place their hands on their firearms when preparing to use that firearm in a deadly manner."[16] He also knew that Burnes' action was "intended to send a message, intimidate, and inform the target that the officer is prepared to fire the firearm."[17] Afraid for his life, May "remain[ed] seated while Burnes disrespected him and acted in an intimidating manner."[18] At some point, Burnes took his hand off his gun but put his other hand on his baton, and May stayed frozen because he thought Burnes might strike him with the baton.[19] It was clear to May that Burnes "would murder [May] if he moved while Burnes was holding his firearm" or "beat [May] with his baton if [May] moved while Burnes held his baton."[20] Eventually, Burnes left May's office without further incident.[21] Burnes was "not disciplined or counseled" for his actions.[22] Three months later, the VA terminated May's employment "under the pretext of [his] exhibiting disruptive behavior."[23] May

---

[13] *Id.* at ¶ 34.

[14] *Id.* at ¶ 35.

[15] *See id.* at ¶ 36.

[16] *Id.* at ¶ 38.

[17] *Id.*

[18] *Id.* at ¶¶ 40-41.

[19] *See id.* at ¶ 41.

[20] *Id.* at ¶ 42.

[21] *See id.* at ¶ 43.

[22] *Id.* at ¶ 44.

[23] *Id.* at ¶ 45.

1   brought this suit in October 2014.  He alleges that Burnes' conduct towards May renders him

2   liable to May for intentional infliction of emotional distress.[24]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[25]  When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[26]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[28]  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[29]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[30]  The court's review

---

[24] *See id.* at ¶¶ 75-78.

[25] Fed. R. Civ. P. 8(a)(2).

[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[28] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[29] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[30] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[31] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[32]

Earlier this year, the court dismissed the claim at issue as preempted by Title VII.[33] A plaintiff may only bring a claim against an individual federal employee that would normally be precluded by Title VII under very narrow circumstances. For example, claims based on the Federal Tort Claims Act[34] or state tort law may supplement Title VII claims when the allegations go "beyond the meaning of workplace discrimination . . . and involve physical or emotional injuries that are highly personal."[35]

The parties vigorously contest the issue of whether *Sommatino* still precludes the claim as amended. Defendants contend that May's new allegations do not bring his claim into the realm of the "highly personal." They argue that the incident with Burnes arose out of a work-related conflict about vacation time. They also point out that Burnes did not make any contact with May or cause any direct physical injury. May protests that the threat of imminent deadly force is intensely personal and cannot be minimized as just a subjective feeling of fear and intimidation.

The court need not decide this difficult issue. A designee of the Attorney General has certified that Burnes was acting within the scope of his employment with regard to the incidents alleged.[36] Upon such a certification, under the Federal Tort Claims Act, "any civil action . . . shall

---

[31] *See id.*

[32] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[33] *See* Docket No. 37 at 6-7.

[34] 28 U.S.C. § 1346(b).

[35] *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001).

[36] *See* Docket No. 28.

be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant."[37] This remedy is exclusive; "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded."[38] The FTCA requires a tort claimant to file an administrative claim with the appropriate agency—here, the VA—prior to filing suit.[39] May has not alleged that he has exhausted his administrative remedies by presenting his claim to the VA. The claim therefore must be dismissed.

## IV.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[40] May already has amended his complaint several times without addressing this jurisdictional defect. Moreover, he has not sought leave to amend in his papers opposing this motion. As a result, leave to amend is DENIED.

**SO ORDERED.**

Dated: November 2, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[37] 28 U.S.C. § 2679(d)(1).

[38] *Id.* § 2679(b)(1).

[39] *See* 28 U.S.C. § 2675(a).

[40] *See Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).